Ochoa Vasquez v. Holder

BIA
Abrams, IJ
A097 516 990

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand thirteen.

PRESENT:
        JOSÉ A. CABRANES,
        ROBERT D. SACK,
        SUSAN L. CARNEY,
            *Circuit Judges.*

_____

JOEL ALEXANDER OCHOA VASQUEZ,
        *Petitioner,*

        v.                                    12-1
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Sandra P. Nichols, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; David V. Bernal,
                       Assistant Director; Tiffany L.
                       Walters, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Joel Alexander Ochoa Vasquez, a native and citizen of El Salvador, seeks review of a December 6, 2011, order of the BIA affirming the July 16, 2010, decision of Immigration Judge ("IJ") Steven R. Abrams, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Joel Alexander Ochoa Vasquez*, No. A097 516 990 (B.I.A. Dec. 6, 2011), *aff'g* No. A097 516 990 (Immig. Ct. N.Y. City July 16, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Vasquez does not challenge the denial of CAT relief we address only asylum and withholding of removal.

Vasquez's claim for relief centered on a murder that Vasquez asserts was perpetrated at his house by his nephew

2

and other gang members with ties to El Salvador, and his assertion that the gang believes he knows details about the murder and is cooperating with the police. When, as here, an alien does not rely on a claim of past persecution, he can demonstrate his eligibility for relief by demonstrating that there is an objectively reasonable basis for fearing that: (1) he will be persecuted; and (2) he will be targeted for that persecution on account of a protected ground, which includes a particular social group. *See* 8 U.S.C. § 1101(a)(42). As the agency reasonably found, Vasquez failed to establish that he would be persecuted on account of his membership in a particular social group, which he defines to be "young men to whom gang members imputed knowledge of their criminal activities and cooperation with the police."

The agency reasonably found that Vasquez's fear of persecution was not objectively reasonable because he did not proffer evidence that: (1) his nephew was a member of a gang with ties to El Salvador, merely assuming that he was a gang member based on his hairstyle and clothing; (2) the anonymous callers who threatened him were members of a gang with ties to El Salvador; (3) the perpetrators of the murder

3

would have perceived him to have knowledge of the murder when he would not have seen the perpetrators on the night the murder allegedly occurred and the body of the murder victim was not found at his house; and (4) the perpetrators would not have perceived him to be cooperating with the police when he was interrogated only briefly soon after the murder victim disappeared and he did not receive any threats during the year prior to his merits hearing. Accordingly, the agency reasonably found that Vasquez had failed to show that his fear of persecution was objectively reasonable. *See* 8 C.F.R. §§ 1208.13(b)(2), 1208.16(b)(2); *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best").

Vasquez argues that the BIA erred by finding that the social group he defined was not socially visible. However, the BIA made no such finding. Rather, the BIA assumed that the group Vasquez defined was cognizable, and found that he failed to establish a nexus between the harm he feared and his membership in a particular social group or any other protected ground. That finding also is supported by substantial evidence. Initially, given the BIA's assumption

4

that there was a cognizable group, the BIA's finding that the callers were not motivated by Vasquez's membership in the group ignores the group's definition—men who are imputed knowledge of the gang's criminal activity and are cooperating with police—which necessarily requires that the prime motivation for targeting Vasquez was to avoid prosecution. Despite this contradiction, the agency reasonably found that Vasquez failed to establish a nexus because: (1) in El Salvador, it is unlikely that the gang would perceive Vasquez as a threat because he could no longer participate in any prosecution; and (2) Vasquez testified that neither he nor his family in the United States or El Salvador had been threatened in over a year.

Because Vasquez failed to show an objectively reasonable fear that he would be persecuted on account of his membership in the alleged social group, the agency did not err in concluding that he did not establish eligibility for asylum, and that he necessarily failed to satisfy the higher standard required to succeed on a claim for withholding of removal. *See* 8 U.S.C. § 1101(a)(42); *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk